IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD HEUSER,

      Plaintiff,                      No. CIV S-09-1005 DAD P

   vs.

BERTSCH, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff, an inmate at the Solano County Jail, is proceeding pro se and seeks relief pursuant to 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $7.33 will be assessed by this order. <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of
2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be collected and forwarded by the appropriate agency to the Clerk of the
4  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
5  full.  See 28 U.S.C. § 1915(b)(2).
6         The court is required to screen complaints brought by prisoners seeking relief
7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
11 U.S.C. § 1915A(b)(1) & (2).
12         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989); Franklin, 745 F.2d at 1227.
19         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
23 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
24 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
25 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
26 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint plaintiff names ten police officers with the Fairfield Police Department as defendants.  Plaintiff contends that on February 20, 2009, the defendant officers illegally stopped a vehicle in which he was a passenger and illegally searched the vehicle and plaintiff, while having only a search warrant for plaintiff's residence.[1]  According to police reports, plaintiff was under surveillance by the Fairfield Police Department's Narcotic Investigation Unit and a search warrant for his residence had been issued.  (Compl., Attach. Police Report at 1.)  On February 20, 2009, officers with the Narcotics Unit spotted plaintiff riding in a pickup.  (Id.)  They stopped the vehicle to conduct a parole search of plaintiff and to detain him in connection with the search of his residence.  (Id., Police Report at 1-2.)  During a search of plaintiff's person, officers found approximately 7.2 grams of suspected methamphetamine hidden inside plaintiff's pants and $238 in cash.  (Id., Police Report at 2.)  Officers also found in plaintiff's backpack a digital scale with a white powdery residue on it, numerous small plastic baggies, plaintiff's California identification card, and a metal container with suspected "hydrocodone" pills for which plaintiff did not have a prescription.  (Id.)  The suspected methamphetamine and white powdery residue on the scale tested positive for methamphetamine.  (Id.)  At plaintiff's residence, additional items were seized.  (Id.)  Plaintiff was arrested for possession of methamphetamine for sale, transportation of methamphetamine, and possession of a controlled substance, and a parole hold was placed on plaintiff.  (Id. at 3.)  In his complaint, plaintiff claims he was subjected to an illegal search and seeks monetary and punitive damages.  (Compl. at 3.)  Plaintiff does not indicate wether his criminal proceedings have concluded not the disposition of those proceedings.

---

[1] Plaintiff has submitted exhibits attached to his complaint that provide additional details with respect to events about which plaintiff complains.

3

1        In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that in order
2   to recover damages for an unconstitutional conviction or imprisonment, or for other harm caused
3   by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff
4   must show that the conviction or sentence has been reversed or expunged.  512 U.S. at 486-87.
5   Here, it is not clear from plaintiff's complaint whether he was convicted of possession of
6   methamphetamine for sale, transportation of methamphetamine, or possession of a controlled
7   substance as a result of the incident in question.  If plaintiff was convicted of any of those
8   charges and the conviction has not been subsequently invalidated or expunged, this action would
9   be barred.  See Harvey v. Waldron, 210 F.3d 1008, 1016 (9th Cir. 2000) (holding that evidence
10  seized in the allegedly unlawful search (gaming devices) was an essential element of the crime of
11  which plaintiff was charged (illegal possession of gaming devices) and action claiming illegal
12  search and seizure was barred under Heck); Samson v. Violett, No. C 07-03923 CW (PR), 2008
13  WL 5047687, at *2 (N.D. Cal. Nov. 25, 2008) ("[A]n action under 42 U.S.C. § 1983 seeking
14  damages for an alleged illegal search and seizure upon which criminal charges are based is barred
15  by Heck until criminal charges have been dismissed or the conviction has been overturned.").
16  Therefore, the court will direct plaintiff to inform the court whether he was convicted of criminal
17  charges stemming from the challenged search and, if so, whether the conviction has been
18  invalidated or expunged.  If, upon reflection and in light of this order, plaintiff believes that this
19  action is premature, he may request voluntarily dismissal of this action without prejudice.
20        Plaintiff has also requested the appointment of counsel.  The United States
21  Supreme Court has ruled that district courts lack authority to require counsel to represent
22  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298
23  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of
24  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
25  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the
26  court does not find the required exceptional circumstances.  In addition, it appears that this action

may be premature.  Therefore, plaintiff's request for the appointment of counsel will be denied.

According, IT IS HEREBY ORDERED that:

1. Plaintiff's April 14, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $7.33.  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County Jail filed concurrently herewith;

3. Within fifteen days from the service of this order, plaintiff shall file a response to this order informing the court whether he was convicted of criminal charges stemming from the challenged search and, if so, whether the conviction has been invalidated or expunged, or invalidated;

4. Plaintiff's April 14, 2009 motion for the appointment of counsel (Doc. No. 3) is denied;

5.  Plaintiff failure to respond to this court order will result in a recommendation that this action be dismissed without prejudice.

DATED: November 18, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
heus1005.osc